By the Court.

In this appeal, which is frQm. a judgment rendered by the Judge of the fifth District, it is agreed by the counsel of the parties tliat the decision of the Judge below together with documents accompanying the record,'contain all the facts relating to this suit, and are taken and considered as a statement of facts.
The action was originally brought for S 614, 13, the amount of a note given by John Collins, the ancestor of the defendants, who "represent him as heirs; and also for ten per cent, interest on that sum, from the time of its becoming due, until the recovery and payment of the debt. The amount of the note not having been contested, it is agreed that the judgment has been properly ren *189 dered for the principal; but it is contended that the District Court has erred in not giving judgment for the interest, as claimed by the plaintiffs, in their petition, and from that part of the judg- , , ment they appeal.
In reversing the decision of inferior tribunals j the great, and primary object, is to see that justice may be done; or that the law be not mistaken and violated. And it is certainly of little consequence, by what mode of reasoning the judge forms his opinion; provided that taken entire, it comports with the law, and due justice to the parties litigant. It is, therefore, useless in the present case, to scrutinise the principles on which . the Judge below has come to the conclusion, and given the j udgment complained of by the plaintiffs if on other principles and reasons, it shall be found to be according to law. >
The counsel for the appellants insists, on two principal grounds for the recovery of the sum demanded.^-!.. Ten per cent, as by contract bet"ween Collins and them in his life time, 2. interest, as a reasonable compensation, for the risk and delay of payment,
I. To establish this claim to interest, under á contract at the rate of ten per cent, the only evidence offered is found in exhibits from the books of accounts of the appellants, and the deposition of one witness. We are of opinion the District *190 Judge was Fight, in considering the books of ao counts as nb evidence in themselves; for they amount to nothin? more than the declaration of , . the party, in his own favour, which unaccompanied by other circumstances is never received as proof of any fact.—Passing in silence the opinion of the Judge below, that to permit oral testimony to prove a convention to pay interest, on a sum of money secured by an instrument in writing, would be a violation of law, as authorising proof of an oral agreement, different from the written, let us examine, and see if the statement of facts offered evidence sufficient, of any covenant,’ contract, or agreement on the part of the deceased, John Collins, to pay the interest demanded by the plaintiffs in the original action, and now the appellants before the Court. . The counsel insists, and we think with propriety, that this case must be governed and determined solely by the Spanish laws. A fundamental principle of the Roman law, which may be considered as the basis of the Spanish, ‘as it relates to testimony, is, testis units est testis nullus ; ” and by the laws of Spain it will be found that in no case does one witness make full .proof of any fact or contract, except in-the case of the King or Prince acknowledging no superior, as stated in the Curia Phillipica, page 62, tit. Pruebas, sec. 23d. referring to a law of the Partidas. Considering then the extracts from the book of accounts, as no evidence: *191 thé only proof that John' Collins agreed to Pay interest on the amount of the money sued for, is the testimony of Mrs. Collins, and that not to J . ' any positive agreement between the parties, but only to hk acknowledgment and confession previous to his death. We have endeavoured to discover whether any distinction is made in the Spanish laws, with regard to the proof of confessions^ and the proof of contracts themselves-; and by the authority before cited in page 59, same title sec. 6, it will be found that two witnesses at least are required, to make proof of any extrajudicial confession. The agreement then to pay interest has not been proven, in such a manner as the Spanish law would require; and if their laws^are to govern this case, the Judge was right in refusing to adjudge it to the plaintiffs.
But we are called to consider, how far thé act of the Legislature, authorizing the proof of facts by one witness will bear on this easy. The Court is not able to comprehend, why the mode of proof, authorised by that act, should form the rule of decision in contracts made under tfe Spanish government, in preference to the provisions of the Civil Code, which has subsequently emanated from the legislative authority of the country, is the latest law on the subject, and op- . poses the pretension of the appellants.
II. In support of the second ground taken by *192 appellant^ counsel, he relies on some expressions ini Febrero, wherein it is stated that on account of danger, or rational fear of losing the principal debt, or where there is difficulty in reco-verjng because the debtor or borrower is poor, or of bad faith, or very much in debt; in such cases the creditor may recover interest proporti-onably to the risk of losing—to be settled by the judgment of skilful persons ; yet, says Febrero* some authors are of a different opinion. Admit* ting the, doctrine to be sound law, the.appellants have not brought themselves within either of the cases provided, for they have not shewn that the deceased, John Collins, was poor, that he owed many debts, or that he was of bad faith; unless we now determine that a delay of payment amounts to a proof of bad faith, which would go to give interest in all cases, from the period at which the debt became due, even when no agree-fhent to that effect existed. This would be in op.position to the uniform decisions of the late Superior Court of the Orleans Territory, which we believe to be well founded in law.
Let the judgment of the District Court be affirmed, with costs.